**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| VOXIVA, INC., | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) C.A. No. _____ |
| | ) |
| MY HEALTH, INC., | ) |
| | ) |
| | ) |
| *Defendant*. | ) |
| | ) |

## COMPLAINT

Plaintiff Voxiva, Inc. ("Voxiva") hereby asserts the following claims against Defendant My Health, Inc. ("My Health"), a Delaware corporation and alleges as follows:

## NATURE OF THE ACTION

1. This is a declaratory judgment action arising under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et. seq*. and the Patent Laws of the United States, 35 U.S.C. § 1, *et. seq*. Voxiva seeks a declaration of non-infringement of U.S. Patent No. 6,612,985 B2 ("the '985 Patent"). A true and correct copy of the '985 Patent is attached hereto as Exhibit A.

## THE PARTIES

2. Plaintiff Voxiva is a corporation duly organized and existing under the laws of the State of Delaware with its principal place of business at 1990 K Street NW, Suite 400, Washington, DC 20006.

3. On information and belief, Defendant My Health is a corporation duly organized and existing under the laws of the State of Delaware with its principal place of business at 7001 W. Parker Road, Suite 431, Plano, TX 75093.

## JURISDICTION AND VENUE

4. On information and belief, Defendant My Health is a Delaware corporation and has a registered agent with the State, National Corporate Research, Ltd., located at 615 South DuPont Highway, Dover, DE 19901.

5. This action arises under the patent laws of the United States, Title 35 of the United States Code, with a specific remedy sought based upon the laws authorizing actions for declaratory judgment in the courts of the United States, 28 U.S.C. §§ 2201 and 2202. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1367.

6. Defendant My Health is subject to personal jurisdiction in this judicial district because, on information and belief, it is a Delaware corporation and regularly conducts business in the State of Delaware and in this District.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400 because My Health is a corporation organized and existing under the laws of the State of Delaware and resides in this judicial district pursuant to § 1391(c).

## BACKGROUND

### My Health's Notice of Infringement to Voxiva

8. On or about June 26, 2014, Patent Licensing Alliance ("PLA"), acting on behalf of My Health, sent a letter to Voxiva entitled "Infringement of U.S. Patent No. 6,612,985 and Licensing Opportunity" that stated: "Your Voxiva Mobile Health services employ the technology claimed and disclosed in United States Patent 6,612,985."

9. The June correspondence further asserted that "[o]ur research group and legal team have thoroughly reviewed Voxiva's Mobile Health services and believe that they utilize the

technology claimed and disclosed in the Remote Monitoring Patent" and that "[t]he patent covers your products and requires a license if you intend to continue to sell these products."

10. My Health attached a claim chart to the June 26, 2014 correspondence that purported to outline My Health's position concerning Voxiva's alleged infringement.

11. My Health closed its letter by requesting a response "within 10 days of your receipt of this letter."

12. My Health's June 26, 2014 correspondence created a reasonable apprehension and substantial likelihood that, if Voxiva does not pay and agree to enter into a license with My Health, My Health will sue Voxiva for the alleged infringement of the '985 Patent.

### My Health's Other Patent Litigations

13. In addition to June 26, 2014 correspondence, from 2012 to the present, My Health has filed complaints against numerous companies involved in the health industry, alleging infringement of the '985 Patent.

14. To date, the entities sued by My Health are: ZeOmega Inc., Philips Medical Systems North America, Inc., Honeywell HomMed, LLC, GenerationOne, Inc., Click4Care, Inc., CardioCom, LLC, Nonin Medical, Inc., Medisana AG, Healthrageous, Inc., Entra Health Systems, LLC, Cardiomedix, Inc., BodyMedia, Inc., Confidant Hawaii, LLC, Alere, Inc., Vivify Health, Inc., Sotera Wireless, Inc., Robert Bosch Healthcare Systems, Inc., Pleio Health Support Systems, Inc., Tunstall Healthcare USA, Inc., Tandem Diabetes Care, Inc., LifeScan, Inc., Health Dialog, Inc., CardioNet, Inc. and Biotronik, Inc.

## THE PATENT-IN-SUIT

15.     United States Patent No. 6,612,985 B2, entitled "Method and System for Monitoring and Treating a Patient," issued on September 2, 2003, from U.S. Patent Application No. 09/793,191 filed February 26, 2001.  A true and accurate copy is attached as Exhibit A.

16.     Upon information and belief, on or about April 23, 2001, the listed inventors Michael E. Eiffert and Lisa C. Schwartz, assigned their interests to the University of Rochester.

17.     Upon information and belief, on or about April 1, 2014, the University of Rochester assigned its interest in the '985 Patent to My Health.

## CLAIM 1 – DECLARATION OF NON-INFRINGEMENT

18.     Paragraphs 1 through 17 are incorporated by reference as though fully stated herein.

19.     My Health has alleged that Voxiva is infringing technology claimed in the '985 Patent without authorization.

20.     Voxiva has not infringed and does not directly or indirectly infringe any claim of the '985 Patent, either literally or under the doctrine of equivalents.

21.     Particularly viewed in the light of My Health's litigious history, the allegations of infringement against Voxiva have created a substantial, immediate, and real controversy between the parties as to the non-infringement of the '985 Patent.  A valid and justiciable controversy has arisen and exists between Voxiva and My Health within the meaning of 28 U.S.C. § 2201.

22.     A judicial determination of non-infringement is necessary and appropriate so that Voxiva may ascertain its rights regarding the '985 Patent.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Voxiva prays for a declaration from this Court and judgment as follows:

A. That Voxiva does not infringe any claims of the '985 Patent;

B. That this is an exceptional case within the meaning of 35 U.S.C. § 285; and

C. For such other and further relief as this Court deems just, reasonable, and proper.

Dated: July 10, 2014

        */s/ Richard K. Herrmann*
Richard K. Herrmann (#405)
Mary B. Matterer (#2696)
MORRIS JAMES LLP
500 Delaware Ave., Suite 1500
Wilmington, DE 19801-1494
Telephone: 302-888-6816
Facsimile:  302-504-1833
rherrmann@morrisjames.com
mmatterer@morrisjames.com

James A. Shimota (*pro hac vice* pending)
MAVRAKAKIS LAW GROUP LLP
180 North LaSalle Street, Suite 2215
Chicago, Illinois 60601
Telephone:  312-216-1626
Facsimile:   312-216-1621
jshimota@mavllp.com

John C. Tsai (*pro hac vice* pending)
MAVRAKAKIS LAW GROUP LLP
3000 El Camino Real
1 Palo Alto Square, 2nd Floor
Palo Alto, CA 94306
Telephone: 650-804-7800
Facsimile:  650-852-9224
jtsai@mavllp.com

*Counsel for Plaintiff Voxiva, Inc.*